Adam I. Gafni, Cal. Bar No. 230045
**GAFNI & LEVIN, LLP**
11811 San Vicente Blvd.,
Los Angeles, California 90049
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com

Attorneys for Defendant, More Commerce, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUE CHOKROLA OJADIDI,<br><br>Plaintiff,<br><br>vs.<br><br>MORE COMMERCE, INC., A DISSOLVED Delaware corporation; MICHAEL SCHNAPF, an individual; RICHARD STARR, an individual; and DOES 1-10, inclusive<br>Defendants. | Case No.: 2:25-CV-03360-DJC-JDP<br><br>**DEFENDANT MORE COMMERCE, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY STAY AND COMPEL ARBITRATION OR TRANSFER VENUE**<br><br>Hearing Date: 04/23/26<br>Hearing Time: 10:00 a.m.<br>Location: 501 I Street Sacramento, CA 95814<br>      Courtroom 9, 13th floor<br>Complaint Filed: November 20, 2025 |

-1-

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE** that on April 23rd, 2026 at 10:00 a.m. in Courtroom 9, 13th Floor at 501 I Street Sacramento, CA 95814, Defendant More Commerce, Inc. will and hereby does move this court for an order dismissing this case for lack of subject-matter jurisdiction, or if denied staying this action and compelling Jacque Chokrola Ojadidi ("Plaintiff") to submit the claims in the Complaint to final and binding arbitration while staying the case, or in the alternative, transfer this case to the Southern District of New York. This motion will be made pursuant to Federal Rule of Civil Procedure 12(b)(1), 9 U.S.C. § 1 *et seq.*, and 28 U.S.C. § 1404(a).

The Court lacks subject matter jurisdiction over all of Plaintiff's claims because the exhibits attached to the complaint show the sole alleged injury, monetary damage, was sustained by Plaintiff's corporation, not Jacque Chokrola Ojadidi. Without such injury, Plaintiff lacks Article III standing. Likewise there is no federal question or diversity jurisdiction for the claims to remain in federal court.

If the Court does not dismiss this case due to lack of subject matter jurisdiction and reaches any issues past subject matter jurisdiction, the claims are subject to a valid arbitration agreement attached to the Complaint itself as Exhibit E-18, which requires that this matter be stayed and submitted to binding arbitration, which More Commerce requests the Court order in the Eastern District of California. Since the same contract attached to the Complaint, also includes a valid forum selection clause, if the Court declines to stay the case and order arbitration in California, More Commerce requests that the Court transfer the case to the Southern District of New York as the exclusive forum chosen by the parties.

///

///

///

///

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

This motion is based on this Notice, Memorandum of Points and Authorities, the attached Declaration of Michael Schnapf, and Request for Judicial Notice.

Respectfully Submitted,

Dated: February 26, 2026                    GAFNI & LEVIN LLP

                                            ___/s/Adam I. Gafni_____
                                            Adam I. Gafni
                                            Attorneys for More Commerce, Inc.

-3-

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTS………………………………………………………………………….…......... 2

III.  LEGAL ARGUMENT………………………………………………………....... 5

    A.    This Court Lacks Subject Matter Jurisdiction due to Plaintiff's Lack of

        Standing. ........................................................................................... 5

    B.    Plaintiff's Claims Are Subject to Mandatory Arbitration…………................……6

    C.    The Court Should Transfer Venue to the Southern District of New

        York………………………………………………………….......................……..9

IV.   CONCLUSION ................................................................................................. 9

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

# TABLE OF AUTHORITIES

Page(s)

## Cases

Allied-Bruce Terminix Companies, Inc. v. Dobson,

    513 U.S. 265, 273-74 (1995).................................................................................6

AT&T Mobility LLC v. Concepcion,

    563 U.S. 333, 339 (2011)..................................................................................1

Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas,

    571 U.S. 49, 60 (2013)…………………………………………..……………..9

Berman v. Freedom Fin. Network, LLC,

    30 F.4th 849, 856 (9th Cir. 2022)………………………………………………7

Chiron Corp. v. Ortho Diagnostic Sys., Inc.,

    207 F.3d 1126, 1130 (9th Cir. 2000)…………………………………...…………7

EFund Cap. Partners v. Pless,

    150 Cal. App. 4th 1311, 1330 (2007)…………………………………………..8

Kenney v. Wells Fargo Bank, N.A.,

    791 F. Supp. 3d 1163, 1168 (C.D. Cal. 2025)………………………………….6

Lawrence v. Fincity Corp.,

    716 F.Supp.3d 851, 881-882 (E.D. Cal. 2024)………………………………..…5, 7

Lead Co. of Mo. v. Doe Run Res. Corp.,

    282 F. Supp. 2d 1131 (N.D. Cal. Sept. 15, 2003)…………………………………8

Lujan v. Defs. of Wildlife,

    504 U.S. 555, 561 (1992)………………………………………………………5

Maya v. Centex Corp.,

    658 F.3d 1060, 1068 (9th Cir. 2011)…………………………………………....6

Moses Cone Memorial Hospital v. Mercury Construction Corporation,

    460 U.S. 1, 24-25 (1983)………………………………………………………6

Oto, L. L.C. v. Kho,

    447 P.3d 680, 690 (Cal. 2019)…………………………………………………7

Shearson American Express, Inc v. Mahon,

-ii-

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

482 U.S. 220 (1987)…………………………………………………………………8

Shell Petroleum, N.V v. Graves,

709 F.2d 593, 595 (9th Cir. 1983)………………………………………………....5, 6

Shulman v. Kaplan,

58 F.4th 404, 407 (9th Cir. 2023)..............................................................................5

See Smith v. Spizzirri,

601 U.S. 472, 475–76 (2024)……………………………………………………..9

See Textile Unlimited, Inc. v. A. BMH & Co., Inc.,

240 F.3d 781, 785 (9th Cir. 2001)………………………………………..…8

Steel Co. v. Citizens for a Better Env't,

523 U.S. 83, 102 (1998)……………………………………………………5

Sun v. Advanced China Healthcare, Inc.,

901 F.3d 1081, 1088 (9th Cir. 2018)……………………………………….9

Wu v. Uber Techs., Inc.,

43 N.Y.3d 288, 307 (2024)………………………………………………..…7

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

Statutes and Codes

9 U.S.C.

      Section 2 ..............................................................................................................6

      Section 3 .............................................................................................................1,9

      Section 4 ..............................................................................................................1

18 U.S.C.

      Section 1982 ........................................................................................................1

28 U.S.C.

      Section 1404(a) ..................................................................................................1,9

      Section 1367……………………………………………………………………6

Federal Rule of Civil Procedure

      12(b)(1)…………………………………………………………..……..1

      17(a)…………………………………………………………………….5

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Simply put - this case does not belong in this Court for at least three reasons.

First, Plaintiff Jacque Chokrola Ojadidi ("Plaintiff") filed a complaint that, on its face, shows Plaintiff sustained no injury. Rather, the documents attached the Complaint show that the monetary losses forming the basis of all the claims were sustained by a corporation – not by Plaintiff individually. Whether by innocence or design, the complaint is a "sham" pleading that should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)

Second, if the Court reaches issues past subject matter jurisdiction, this matter still does not belong in this forum because as Plaintiff *has pled* there is an arbitration clause requiring binding arbitration. The Federal Arbitration Act ("FAA") reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotation marks and citations omitted). Plaintiff's complaint is nothing more than an ill-considered attempt to bypass what Plaintiff concedes is a valid arbitration agreement by claiming that it should not apply to claims brought under the Racketeer Influenced and Corrupt Organizations Act, codified at 18 U.S.C. § 1982. That is not the law, and this Court should therefore issue an order compelling arbitration pursuant to 9 U.S.C. § 4 and staying this case pursuant to 9 U.S.C. § 3.

Third, in the alternative, this Court should order the case transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a)[1] Plaintiff previously brought an action in California State Court for similar claims against individual defendant, Michael Schnapf. See Request for Judicial Notice, Exhs. 1 (Order). After motion practice, the Court dismissed Plaintiff's complaint for lack of personal jurisdiction over Mr. Schnapf as a Pennsylvania resident. *Id.* Now, Plaintiff brings this second ill-conceived action in which Plaintiff admits that it has an enforceable contract that contains an exclusive forum selection clause.

---

[1] Defendant Brings this motion without prejudice to its ability to later challenge personal jurisdiction in California.

-1-

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

Therefore, More Commerce respectfully requests the Court dismiss this case and if not dismissed stay it, ordering Plaintiff to arbitration in California, and alternatively, to transfer the case to the Southern District of New York.

## II.    FACTS

JMGJ Group, Inc. is a California corporation in which Plaintiff is an officer. Request for Judicial Notice, Exh. 2. January 22, 2025. Plaintiff sent an email to More Commerce stating that "we have not received recent deposits in our account" and showing the More Commerce "dashboard" customer as "Jmgj group., inc". Dkt 4 p. 49. (Exh. G-1).

In February 6, 2025, Plaintiff sent an email to More Commerce, Inc. seeking money Plaintiff contended was owed *to JMGJ, Inc.* in the amount of $9,864.36: asking for the claim to be reviewed as part of More Commerce's winding down process. Dkt 4, p.52 (Exhibit "G-4").



**M Gmail**                                    *Exhibit - G 4*
                                               Jacque Ojadidi <jacqueojadidi@gmail.com>

**Claims against More Commerce / Money owned**
16 messages

**Organic Greek** <jacqueojadidi@gmail.com>                    Thu, Feb 6, 2025 at 7:23 PI
To: claims@morecommerce.com, Richard Starr <richard.starr@morecommerceinc.com>, Kirk B <kirk.bell@morecommerce.com>, Piyush Vasoya <vasoyapiyush@gmail.com>
Bcc: inara24@hotmail.com, Lj C <ljcwebnews@gmail.com>, Fernando Calderon <fcalderon@aats-cpa.com>, Juvline Software <juvline@gmail.com>

JMGJ Group Inc.

c/o Jacque Ojadidi

More commerce Claims
220 Commerce Drive STE 100
Fort Washington, PA 19034

Subject: Formal Claim for Outstanding Debt

Dear Sir/Madam,

I am writing to formally submit a claim for the outstanding debt owed to JMJ Group Inc. by Morecommerce, Inc. As per your request, please find below the details and supporting documentation for the debt:

   1. **Total Amount Owed**: $9864.36
   2. **Basis of the Debt**: Products Sold but not paid for by MoreCommerce

Our business has been significantly negatively impacted by this outstanding debt. The lack of income from More commerce, Inc. has disrupted our cash flow and has had a detrimental effect on our overall business structure. This situation has forced us to make difficult adjustments to our

Dkt 4, p.52.

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

On March 6, 2025, More Commerce sent an email and information about dissolution to Plaintiff addressed to "jmgj group inc". Id., p. 51 (Exh. G-3). JMGJ is not a party to this lawsuit. See Dkt 4.

More Commerce has no record of paying or owing a debt or obligation to Plaintiff Jacque Ojadidi as an individual. *Id.* Schnapf Declaration, ¶3 & Exh. 1. Rather, More Commerce received a W-9 from JMGJ, Inc. as part of the onboarding process. Schnapf Declaration, ¶3 & Exh. 1.

Plaintiff alleges that "a valid contract existed" between Plaintiff and More Commerce attaching it as Exhibit E. Ecf. No. 4, ¶39 & Exh. E. Plaintiff acknowledges that there is an arbitration clause within the Merchant Agreement at paragraph 15, but claims that it should be invalid and unenforceable as to the RICO and fraud claims because are outside the scope of a "routine dispute." Id., ¶28.

As a precondition to selling goods through More Commerce, merchants like Plaintiff must agree to More Commerce's aforementioned Merchant Agreement, which included the following clause:

> "This Agreement shall be governed by and construed under the laws of the State of New York and the United States without regard to conflicts of law provisions thereof. The United Nations Conventions on Contracts for the International Sale of Goods shall not be applicable hereto. Any dispute arising from or relating to the subject matter of this Agreement shall be finally settled by arbitration in New York County, New York, using the English language in accordance with the Streamlined Arbitration Rules and Procedures of Judicial Arbitration and Mediation Services, Inc. ("JAMS") then in effect, by one commercial arbitrator with substantial experience in resolving intellectual property and commercial contract disputes, who shall be selected from the appropriate list of JAMS arbitrators in accordance with the Streamlined Arbitration Rules and Procedures of JAMS. Judgment upon the award so rendered may be entered in a court having jurisdiction, or application may be made to such court for judicial acceptance of any award and an order of enforcement, as the case may be. Notwithstanding the foregoing, each party shall have the right to institute an action in a court of proper jurisdiction for injunctive or other equitable relief pending a final decision by the arbitrator. For all purposes of this Agreement, the parties consent to exclusive jurisdiction and venue in the state or federal courts located in, respectively, New York County, New York, or the Southern District of New York. The prevailing party in any action or proceeding arising out of this Agreement will be entitled to an award of costs and attorneys' fees."

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

ECF No. 4 at 40; Declaration of Michael Schnapf, ¶4.

In addition to the Merchant Agreement being available on the More Commerce website, prior to commencing services with More Commerce, any merchant would have been required to acknowledge agreement with the terms in the Merchant Agreement by affirmatively clicking on the box indicating such agreement. Id., ¶4. The terms of the Merchant Agreement were available via hyperlink directly next to the location where any user had clicked on the box indicating agreement with such terms. *Id.*  When shown via hyperlink, the relevant terms of the arbitration agreement appeared in the Merchant Agreement in substantially the following form, boxed and in legible type. *Id.*



**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

Id., ¶4 (shown from internet archive because website not operational).  Plaintiff has previously brought a claim against defendant Michael Schnapf in the California State Court for the same debt which was dismissed on the basis of lack of personal jurisdiction though also inexplicably and improperly named again in this Complaint.  Request for Judicial Notice, Exh. 1 (Order).

## III.   LEGAL ARGUMENT

### A.  This Court Lacks Subject Matter Jurisdiction due to Plaintiff's Lack of Standing

Plaintiff lacks Article III standing and is not the real party in interest under Rule 17(a).[2] "The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023). The party invoking federal jurisdiction bears the burden of showing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Standing requires ""(1) an injury in fact that is concrete and particularized and actual or imminent, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). "Generally, a shareholder does not have standing to redress an injury to the corporation." *Shell Petroleum, N.V v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983).

The lack of injury is fatal to Plaintiff's claims. Plaintiff brings this suit individually, but the exhibits attached to the complaint demonstrate show this as a sham allegation because the failure to pay money and agreement was clearly only with Plaintiff's corporation, JMGJ, Inc. *See*, Exhibit Ecf No. 4 at 49 & ECF No. 4 at 52 (email sent by Plaintiff that explicitly states that the money More Commerce allegedly withheld was owed to "JMJ Group Inc" [*sic*]).

The absence of direct economic injury is even more problematic to Plaintiff's standing to bring the RICO claims – Plaintiff's lynchpins for federal question jurisdiction. In *Lawrence v. Fincity Corp.*, 716 F.Supp.3d 851 (E.D. Cal. 2024), this Court has already found that an individual Plaintiff lacked Article III standing to pursue his RICO claims because she had not lost sales. *Id.*, pp. 876-877.

---

[2] More Commercial reserves the right to challenge RICO statutory standing at the appropriate time in the appropriate forum, i.e. arbitration if ultimately ordered by the Court.

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

Here the RICO claims along with all the claims are even more attenuated because the claims do not belong to Plaintiff as an individual at all. Plaintiff cannot assert claims in an individual capacity that properly belong to the corporation. *Shell Petroleum, N.V v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983) ("the shareholder of a corporation even a sole shareholder does not, in general, have standing to redress an injury to the corporation"). What's more the only damages asserted monetary damages based on debt to corporation or reputational harm are solely derivative of the corporation and insufficient to confer standing. *See, Kenney v. Wells Fargo Bank, N.A.*, 791 F. Supp. 3d 1163, 1168 (C.D. Cal. 2025)("Courts have rejected individual standing based on reputational fallout or lost business opportunities where the alleged injury flows from harm to a corporate entity.")

As all of the alleged injuries were actually sustained by Plaintiff's corporation, Plaintiff lacks standing to bring this action, and the court must therefore dismiss for lack of subject matter jurisdiction. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)) (italics omitted). [3]

Plaintiff cannot amend on these issues and therefore the Complaint should be dismissed without leave to amend.

### B.  Plaintiff's Claims Are Subject to Mandatory Arbitration

Under the Federal Arbitration Act ("FAA"), arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This applies to any "contract evidencing a transaction involving commerce." *Id.*; *see also Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 273-74 (1995).  The FAA reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T* 563 U.S. at 339 (quotation marks and citations omitted). As a result, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" *Moses Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 24-25 (1983). When a party brings a motion to compel arbitration, courts

---

[3] Plaintiff's lack of standing to bring her RICO claims additionally means that this court lacks supplemental jurisdiction as to the state law claims under 28 U.S.C. § 1367.

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

apply a two-step analysis, looking at (1) whether there is "a valid agreement to arbitrate," and, if so, (2) "whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

First, Plaintiff does not dispute that it entered into a contract containing an arbitration provision. Rather, Plaintiff's admits consent as part of attempting to enforce the Merchant Services agreement in the Complaint. ECF No. 4 at ¶¶ 26 & 39. Nor does Plaintiff claim the arbitration clause is inherently invalid, only alleging that it would be unconscionable to enforce in claims regarding RICO and fraud. *Id.* That is not the law. As "[t]he burden of proving unconscionability rests upon the party asserting it," Plaintiff must show some degree of both procedural and substantive unconscionability. *Oto, L. L.C. v. Kho*, 447 P.3d 680, 690 (Cal. 2019). As such, based on the pleadings alone, there is a valid enforceable agreement to arbitrate.

Beyond Plaintiff acknowledging assent in the Complaint, as explained by Mr. Schnapf in the accompanying declaration, any user of More Commerce would have assented to the arbitration provision as part of the Merchant Agreement prior to commencing services with More Commerce. Schnapf, ¶4.

The method of indicating consent here – requiring an affirmative click box indication of assent adjacent to hyperlinked terms and conditions - is also consistent with the types of arbitration agreements that are routinely enforced by Courts in both California and under applicable New York law (the law governing the agreement). *See Berman v. Freedom Fin. Network*, LLC, 30 F.4th 849, 856 (9th Cir. 2022) (requiring reasonably conspicuous notice and consumer takes some action such as clicking a button or checking a box to indicate assent); *Lawrence v. Fincity Corp.*, 716 F.Supp.3d 851, 881-882 (E.D. Cal. 2024) (this Court recognizing California courts consistently find such clickwrap agreements to be enforceable because of inquiry notice).

Under New York law, the choice-of-law governing the Merchant Agreement, agreements where there is a click box near or adjacent to hyperlinked terms and conditions containing arbitration clauses are also routinely enforced. *See Wu v. Uber Techs., Inc.*, 43 N.Y.3d 288, 307 (2024) (clickwrap process whereby user is put on inquiry notice of terms and must indicate assent to proceed satisfy requirements of agreement to arbitrate). Plaintiff's complaint, however, only makes the conclusory statement that the agreement is unconscionable, and does not allege how any

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

term or the conditions under which it was formed were unfair. ECF No. 1 at ¶ 28. The only detail Plaintiff provides is the claim that it would be against public policy to enforce in a fraud and RICO claim, which contravenes binding Supreme Court precedent. *Shearson American Express, Inc v. Mahon*, 482 U.S. 220 (1987) (holding that there is "no basis for concluding that Congress intended to prevent enforcement of agreements to arbitrate RICO claims"). As a result, Plaintiff has failed to meet her burden of showing any level of unconscionability.

Second, the agreement is likewise applicable here. Plaintiff's complaint admits to having entered into a contract by which Plaintiff's products were sold on or through More Commerce, plainly subjecting them to the FAA as "involving commerce." ECF No. 4 at ¶ 26. The Merchant Agreement's arbitration provision specifies that "[a]ny dispute arising from or relating to the subject matter of [the] agreement" is subject to mandatory arbitration in New York County, New York. ECF No. 4 at 40. The agreement in question governed Plaintiff's sale of products on Defendant's platform, as well as the payment of any funds obtained over the course of that agreement. ECF No. 4 at 23. As the subject of this case is Defendant's alleged failure to pay Plaintiff money owed under the agreement, this dispute falls within the plain language of the agreement.

Third, Plaintiff's only argument to the contrary is that RICO and fraud claims fall outside the scope of any "routine dispute" involving the Merchant Agreement. ECF No. 4 at ¶ 28. The plain language of the Merchant Agreement's arbitration clause shows that is not the case. Nowhere in the agreement does it limit applicability to "routine disputes." ECF No. 4 at 40. On the contrary, it explicitly applies to "any dispute," language that courts have interpreted broadly to include even fraud in the inducement. *EFund Cap. Partners v. Pless*, 150 Cal. App. 4th 1311, 1330 (2007) (agreement to arbitrate any dispute arising from or out of a contract encompasses tort claims, including fraud in the inducement where contracts "broadly encompass tort claims having their roots in the contractual relationship between the parties.").

As there is a valid arbitration agreement that covers the subject of this case, Defendant requests that this Court order arbitration in the Eastern District of California. *See Textile Unlimited, Inc. v. A. BMH & Co., Inc., 2*40 F.3d 781, 785 (9th Cir. 2001) (stating that "by its terms, §4 . . . confines the arbitration to the district in which the petition to compel is filed"); See, *Lead Co. of*

-8-

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

*Mo. v. Doe Run Res. Corp.*, 282 F. Supp. 2d 1131 (N.D. Cal. Sept. 15, 2003) (compelling arbitration in California even if parties chose another state as the forum for arbitration). While More Commerce could seek transfer to New York and then compel arbitration, this process streamlines costs for all parties.

Additionally, the Court must stay this case so as to allow Defendant to enforce its contractual rights. *See Smith v. Spizzirri,* 601 U.S. 472, 475–76 (2024) (holding that a stay under 9 U.S.C. § 3 is mandatory once a party shows that the claims are subject to an arbitration agreement).

### C.  The Court Should Transfer Venue to the Southern District of New York

As an alternative to the above-requested relief, the Court should transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a), as the Merchant Agreement includes a valid forum-selection clause granting exclusive jurisdiction to that District. ECF No. 1 at 40. Forum selection clauses must be enforced "except in unusual cases." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (citing *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49, 60 (2013)). It is Plaintiff's burden to show that the forum-selection clause should not be enforced, a burden that Plaintiff cannot meet. *Sun* 901 F.3d at 1088. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine* 571 U.S. 49 at 62. No such circumstances are present here. Plaintiff's complaint does not so much as mention the Merchant Agreement's forum-selection clause, but asserts that the Merchant Agreement is a binding contract that Plaintiff can enforce. If that is the case, then Plaintiff must abide by that contract's forum-selection clause, which requires disputes to be brought in the Southern District of New York or the state court in New York County, New York. As Plaintiff has not so much as attempted to meet his burden of challenging the forum-selection clause in the Merchant Agreement, this Court must enforce it and order the case transferred to the Southern District of New York.

### IV.    CONCLUSION

Plaintiff lacks standing, asserts claims subject to a valid arbitration agreement, and ignores a binding forum-selection clause. Defendant therefore requests that this Court dismiss for lack of

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**

subject matter jurisdiction, stay the case and compel arbitration, or order the case transferred to the Southern District of New York.[4]

Dated: February 26, 2026               GAFNI & LEVIN LLP

                                     */s/Adam I. Gafni*
                                   Adam I. Gafni
                                   Attorneys for More Commerce, Inc.

---

[4] Should this motion be granted, Defendant also intends to move for attorneys' fees pursuant to the Merchant Agreement.

-10-

**More Commerce, Inc.'s Motion to Dismiss and/or Stay and Compel Arbitration**