UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUE CHOKROLA OJADIDI, | Case No.  2:25-cv-3360-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| MORE COMMERCE, INC., *et al*., | |
| Defendants. | |

Plaintiff Ojadidi, proceeding pro se, brings this action against defendant More Commerce, Inc. for fraud and breach of contract.  Defendant now moves to dismiss on the basis that plaintiff lacks standing.  For the reasons discussed below, I recommend that defendant's motion be granted and that the first amended complaint be dismissed without leave to amend.

**Background**

Plaintiff is the sole owner and operator of JMGJ Inc., a California corporation.  ECF No. 4 ¶ 6; ECF No. 10 at 3.  Defendant More Commerce, Inc. is a dissolved Delaware corporation that facilitated online sales between merchants and customers.  ECF No. 4 ¶ 7.  Plaintiff alleges that defendant "systemically underpaid" him and other merchants.  *Id*. ¶ 14.  During the 2024 holiday season, defendant "ceased all payments to Plaintiff while continuing to sell his inventory and collect customer payments."  *Id*. ¶ 15.  In January 2025, defendant announced its dissolution.  *Id*. ¶ 16.  Plaintiff alleges that defendant continues to refuse payment to JMGJ for its outstanding

1

debts. *Id.* ¶ 18.

Plaintiff initiated this action in November 2025 and filed the first amended complaint later that month.[1] ECF Nos. 1 & 4. Defendant now moves to dismiss the first amended complaint on the basis that plaintiff lacks standing because any alleged harm was suffered by JMGJ, not plaintiff. ECF No. 8.

### Legal Standard

"Standing is the threshold issue of any federal action, a matter of jurisdiction because 'the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Employers-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 923 (9th Cir. 2007) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). As a jurisdictional requirement, standing is properly addressed in a motion under Federal Rules of Civil Procedure 12(b)(1), *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000), and establishing it is the plaintiff's burden, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party "accepts the truth of the . . . allegations [supporting federal jurisdiction] but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039).

### Discussion

Defendant asserts a facial challenge to jurisdiction, arguing that plaintiff lacks standing because any alleged injury was suffered by JMGJ, not plaintiff. ECF No. 8 at 12. Plaintiff

---

[1] Plaintiff also brings this action against defendants Michael Schnapf and Richard Starr, both of whom have not yet appeared. *See* ECF No. 4 ¶¶ 8-9. Plaintiff has filed a motion for authorization of alternative service on these defendants. ECF No. 6. However, I recommend that the first amended complaint also be dismissed as to defendants Schnapf and Starr. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir.1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants."). Accordingly, I will deny plaintiff's motion as moot.

2

counters that he has "personally suffered direct injury."[2]  ECF No. 10 at 7.

To establish Article III standing, plaintiff must show (1) an injury-in-fact that is both (2) causally connected to defendant's challenged conduct and (3) likely to be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61 (internal citations and quotation marks omitted). The injury-in-fact must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal citations and quotation marks omitted).  "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id*. at 561.

"Generally, a shareholder does not have standing to redress an injury to the corporation." *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983) (citing *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439-40 (9th Cir. 1979) (holding that the sole shareholder did not have standing)).  "To have standing to maintain an action, a shareholder must assert more than personal economic injury resulting from a wrong to the corporation." *Id*.  Instead, the shareholder "must be injured directly and independently of the corporation." *Id*.

Here, plaintiff does not have standing to redress an injury to JMGJ.  As plaintiff stated in his communications with defendant, his claims stem from an outstanding debt owed to JMGJ, not him. *See* ECF No. 4 at 52.  Plaintiff states in that communication that "[o]ur business has been significantly negatively impacted by this outstanding debt.  The lack of income from More commerce, Inc. has disrupted our cash flow and has had a detrimental effect on our overall business structure." *Id*.  Defendant's CEO confirms that defendant "has no record of making payment or owing money to Plaintiff (Jacque Chokrola Ojadidii) as an individual." ECF No. 8-1 at 2.  Instead, defendant received a claim from JMGJ. *Id*.  Plaintiff lacks standing because he fails to show that he was "injured directly and independently of the corporation." *See Shell Petroleum*, 709 F.2d at 595.

---

[2] As an initial matter, plaintiff argues that, because of a prior state action, defendant's motion should be denied based on judicial estoppel. *See* ECF No. 10 at 23-24.  However, that prior action did not involve defendant More Commerce; instead, it involved plaintiff and defendant Michael Schnapf, who has yet to appear. *See* ECF No. 10 at 44-51.  Moreover, plaintiff only provides that the state court held that it lacked personal jurisdiction over Schnapf. *Id*. at 51.  Accordingly, plaintiff's argument is misplaced.

Plaintiff's arguments to the contrary are unpersuasive. Plaintiff first asserts that defendant communicated "directly to his personal email." ECF No. 10 at 7. But plaintiff acknowledges that he "provided his personal email address during registration" on defendant's website." *See id*. at 8. Plaintiff provides no basis for his argument that communications being sent to his personal email address establish that his harm is independent of JMGJ's.

Next, plaintiff argues that he suffered "profession-specific reputational harm" and that the harm is personal "in his capacity as a journalist and public-facing e-commerce merchant." ECF No. 10 at 7. Plaintiff cites two cases for this proposition. *See* ECF No. 10 at 8 (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 919 (9th Cir. 2001) and *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005)). However, as defendant points out, neither case stands for this proposition; indeed, neither case addresses the consideration of whether personal reputational harm establishes an independent injury for purposes of standing. *See* ECF No. 11 at 2-3; *Doe*, 248 F.3d at 931 (holding that the court lacked personal jurisdiction); *Smith*, 421 F.3d at 1006 (holding that a bankruptcy trustee had standing to pursue particular claims).

On the contrary, "[c]ourts have rejected individual standing based on reputational fallout or lost business opportunities where the alleged injury flows from harm to a corporate entity." *Kenney v. Wells Fargo Bank, N.A.*, 791 F. Supp. 3d 1163, 1168 (C.D. Cal. 2025). To the extent that plaintiff has suffered reputational harm, such harm "flows from harm" to JMGJ and thus cannot establish his standing. *See id*.

Lastly, plaintiff argues that he has standing because defendant breached a duty owed directly to him that was independent of any duty owed to JMGJ. ECF No. 10 at 10 (citing *Abrams v. Donati*, 66 N.Y.2d 951, 953 (1985) ("Exceptions to that rule have been recognized when the wrongdoer has breached a duty owed to the shareholder independent of any duty owing to the corporation wronged.")). Plaintiff states that defendant's duty to him stemmed from personal communications to his email. *Id*. at 10-11. However, as noted, plaintiff's personal email was used for the purposes of JMGJ, and defendant's communications to that email concerned JMGJ's business. As such, plaintiff does not establish that defendant "breached a duty

4

owed to the shareholder independent of any duty owing to the corporation wronged." *See*

*Abrams*, 66 N.Y.2d at 953.

Plaintiff fails to "assert more than personal economic injury resulting from a wrong to"

JMGJ. *See Shell Petroleum*, 709 F.2d at 595. Consequently, he fails to satisfy his burden of

establishing his standing. *See Lujan*, 504 U.S. at 561.

Accordingly, it is hereby ORDERED that plaintiff's motion for authorization of

alternative service, ECF No. 6, is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. Defendant More Commerce, Inc.'s motion to dismiss, ECF No. 8, be GRANTED.

2. Plaintiff's first amended complaint, ECF No. 4, be DISMISSED without leave to

amend.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez

v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 9, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE